UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

DASHEEN KEMP, MARVIN ALCIDE, CARLIN ALCIDE,
RICOT ALCIDE,
CARLA ROMERO, AND ERIC DANIELS,

                                       Plaintiffs,

       -against-

THE CITY OF NEW YORK, POLICE OFFICER,
MATTHEW DEMAIO (SHIELD NO. 23579), SERGEANT
ROBERT MARTINEZ, ANDJOHN DOES 1-4,

                                      Defendants.

---------------------------------------------------------------------------X

**17 CV 5667 (ARR) (JO)**

**SECOND AMENDED COMPLAINT**

JURY TRIAL DEMANDED

      Plaintiffs, DASHEEN KEMP, MARVIN ALCIDE,CARLIN ALCIDE, RICOT ALCIDE,

CARLA ROMERO, AND ERIC DANIELS by and through their attorneys, **THE LAW**

**OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for their First Amended

Complaint, respectfully allege, upon information and belief:

### PRELIMINARY STATEMENT

1.    Plaintiffs, DASHEEN KEMP, MARVIN ALCIDE,CARLIN ALCIDE, RICOT ALCIDE,

      CARLA ROMERO, AND ERIC DANIELS bring their action for compensatory

      damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42

      U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes

      and the Constitution of the United States of America.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth

      and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## NOTICE OF CLAIM

5.      Plaintiffs Marvin Alcide and Carlin Alcide timely filed Notices of Claim with the Comptroller of the City of New York for malicious prosecution and denial of fair trial within 90 days of the dismissal of their criminal charges complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

6.      Plaintiffs Marvin Alcide and Carlin Alcide complied with all conditions precedent to commencing an action pursuant to New York State Law for malicious prosecution and denial of fair trial.

7.      Plaintiffs' Marvin Alcide's and Carlin Alcide's claims arising out of the dismissal of their charges have been herein filed within one year and ninety days of the accrual of those causes of action.

## JURY DEMAND

8.      Plaintiffs, DASHEEN KEMP, MARVIN ALCIDE, CARLIN ALCIDE, RICOT ALCIDE, CARLA ROMERO, AND ERIC DANIELS respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

9.      Plaintiff, DASHEEN KEMP, is, and has been, at all relevant times, a resident of the County of Queens, City and State of New York.

2

10.     Plaintiff, MARVIN ALCIDE, is, and has been, at all relevant times, a resident of the County of New York, City and State of New York.

11.     Plaintiff, CARLIN ALCIDE, is, and has been, at all relevant times, a resident of the County of Kings, City and State of New York.

12.     Plaintiff, RICOT ALCIDE, is, and has been, at all relevant times, a resident of the County of Queens, City and State of New York.

13.     Plaintiff, CARLA ROMERO, is, and has been, at all relevant times, a resident of the County of Queens, City and State of New York.

14.     Plaintiff, ERIC DANIELS, is, and has been, at all relevant times, a resident of the County of Queens, City and State of New York.

15.     Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

16.     Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

17.     At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER MATTHEW DEMAIO (SHIELD NO. 23579), was a duly sworn member of said department and was acting under the supervision of said department and according to his official duties. Defendant DEMAIO is sued herein in his official and individual capacities.  At all times hereinafter mentioned, Defendant DEMAIO was assigned to the

3

75th Precinct of the NYPD.

18.     At all times hereinafter mentioned, the individually named defendant, POLICE SERGEANT ROBERT MARTINEZ, was a duly sworn member of said department and was acting under the supervision of said department and according to his official duties. Defendant MARTINEZ is sued herein in his official and individual capacities.  At all times hereinafter mentioned, Defendant MARTINEZ was assigned to the 75th Precinct of the NYPD.

19.     At all times hereinafter mentioned, the Doe Defendants, were duly sworn members of said department and were acting under the supervision of said department and according to their official duties. The Doe Defendants are sued herein in their official and individual capacities.  At all times hereinafter mentioned, the Doe Defendants were assigned to the 75th Precinct of the NYPD.

20.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

21.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

22.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

23.   On February 19, 2016, at approximately 4:00 a.m., Plaintiffs, DASHEEN KEMP, MARVIN ALCIDE, CARLIN ALCIDE, RICOT ALCIDE, CARLA ROMERO, AND ERIC DANIELS were lawfully present inside of an apartment building located at 369 Euclid Avenue, County of Brooklyn, City and State of New York.

24.   At this time, the individual Defendants, including Defendant DEMAIO, arrived at the location on duty and in plain clothes.

25.   Without any legal justification or excuse, Defendants DEMAIO, MARTINEZ, and other members of the New York City Police Department entered the apartment.

26.   NYPD members then proceeded to search said premises.

27.   The search revealed no evidence of any guns, drugs, or contraband.

28.   Plaintiffs were not engaged in any unlawful or suspicious activity.

29.   Nonetheless, the Plaintiffs were formally arrested, were placed in handcuffs, and were transported to the station house of a local area precinct believed to be the 75th Precinct where they were searched and detained for several hours.

30.   The search yielded no evidence of any guns, drugs, or contraband

31.   At no time on February 19, 2016, did Plaintiffs commit any crime or violation of law.

32.   At no time on February 19, 2016, did DefendantsDEMAIO, MARTINEZ or any other member of the NYPD possess probable cause to arrest Plaintiffs or to order Plaintiffs' arrests.

33.   At no time on February 19, 2016, did Defendants DEMAIO, MARTINEZ or any other member of the NYPD possess information that would lead a reasonable officer to believe

probable cause existed to arrest the Plaintiffs.

34.     Plaintiffs were detained for several hours at the stationhouse of a local area precinct before they were transported to Kings County Central Booking where they were held for several additional hours.

35.     Plaintiff Dasheen Kemp was eventually summarily released from central booking when the District Attorney declined to prosecute him. Accordingly, Plaintiff Dasheen Kemp's charges were terminated in his favor.

36.     Plaintiff Eric Daniels was eventually summarily released from central booking when the District Attorney declined to prosecute him.  Accordingly, Plaintiff Eric Daniels' charges were terminated in this favor.

37.     Plaintiffs Marvin Alcide, Carlin Alcide, Ricot Alcide, and Carla Romero were eventually arraigned on criminal complaints containing false allegations sworn to by Defendant DEMAIO.

38.     Specifically, Defendant DEMAIO swore out a criminal complaint against the Plaintiffs Marvin and Carlin Alcide stating that they were in possession of firearms and marijuana at the 369 Euclid Avenue.

39.     Pursuant to these false allegations, the Plaintiffs Marvin and Carlin Alcide were charged with criminal possession of a weapon in the third degree, criminal possession of a firearm, criminal possession of a weapon in the fourth degree, two counts of possession of pistol ammunition, and possession of marihuana in the fifth degree.

40.     Specifically, Defendant DEMAIO swore out a criminal complaint against Plaintiffs Ricot Alcide and Carla Romero stating that they were in possession of a quantity of marijuana

at the above-mentioned location, and thus falsely charged these Plaintiff with unlawful possession of marijuana.

41.  Even if true, Defendant DEMAIO knew that he could not arrest, process, and criminally charge Ricot Alcide and Carla Romero with any violation or crime.

42.  These and other allegations were false and Defendant DEMAIO knew they were false when he made them.

43.  Despite Defendants' unconstitutional actions, all charges against the Plaintiffs were dismissed in their entirety.

44.  Marvin Alcide's charges were dismissed on September 8, 2016, and Carlin Alcide's charges were dismissed on August 26, 2016.

45.  Ricot Alcide's and Carla Romero's charges were dismissed on February 21, 2016 when they acceded to adjournments in contemplation of dismissals.

46.  Defendant MARTINEZ knew that the arrests of and charges against Plaintiffs were false, yet he approved the arrests and made no effort to intervene on the behalf of Plaintiffs to stop the unconstitutional action by DeMaio.

47.  Defendant DEMAIO provided knowingly false and misleading information to prosecutors at the Kings County District Attorney's Office.

48.  Each of the allegations were false and the Defendant DEMAIO knew them to be false when they were made.

49.  As a result of the foregoing, the Plaintiffs, DASHEEN KEMP, MARVIN ALCIDE, and CARLIN ALCIDE, RICOT ALCIDE, CARLA ROMERO, AND ERIC DANIELS sustained, *inter alia*, deprivation of their constitutional rights.

50.     All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

51.     All of the aforementioned acts deprived the Plaintiffs of their rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

52.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all of the actual and/or apparent authority attendant thereto.

53.     The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

54.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

### FIRST CLAIM FOR RELIEF FOR
### FALSE ARREST
### UNDER 42 U.S.C. § 1983

55.     Plaintiffs, DASHEEN KEMP, MARVIN ALCIDE, CARLIN ALCIDE, RICOT ALCIDE, CARLA ROMERO, AND ERIC DANIELS repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

56. As a result of the Defendants' conduct, Plaintiffs were subject to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

57. As a result of the foregoing, Plaintiffs' liberty was restricted, they were put in fear for their safety, and they were falsely arrested without probable cause.

## SECOND CLAIM FOR RELIEF
## BY MARVIN ALCIDE AND CARLIN ALCIDE
## FOR DENIAL OF RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

58. Plaintiffs, MARVIN ALCIDE and CARLIN ALCIDE, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

59. At no time did Defendant DEMAIO have any legal basis for commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

60. Defendant DEMAIO misrepresented and falsified evidence to the Kings County District Attorney.

61. Defendant DEMAIO did not make a complete and full statement of facts to the District Attorney.

62. Defendant DEMAIO withheld exculpatory evidence from the District Attorney.

63. Defendant DEMAIO was directly and actively involved in the initiation of criminal proceedings against Plaintiffs.

64. Defendant DEMAIO lacked probable cause to initiate criminal proceedings against Plaintiffs.

65.     Defendant DEMAIO acted with malice in initiating criminal proceedings against Plaintiffs.

66.     Defendant DEMAIO directly and actively involved in the continuation of criminal proceedings against Plaintiffs.

67.     Defendant DEMAIO lacked probable cause to continue criminal proceedings against Plaintiffs.

68.     Defendant DEMAIO misrepresented and falsified evidence throughout all phases of the criminal proceedings against Plaintiffs.

69.     Notwithstanding the perjurious and fraudulent conduct of Defendant DEMAIO the criminal proceedings were terminated in Plaintiffs' favor when they acceded to an adjournment in contemplation.

70.     Defendant Martinez knew that Defendant DeMaio's conduct was unconstitutional, and he did nothing to intervene on behalf of the Plaintiff's to correct DeMaio's conduct or to otherwise correct the constitutional violations alleged herein of which he was aware.

71.     By so doing, the individual Defendants, individually and collectively, subjected the Plaintiffs to fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

72.     By reason thereof, the individual Defendant DEMAIO has violated 42 U.S.C. §1983 and caused Plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

**THIRD CLAIM FOR RELIEF**
**BY MARVIN ALCIDE AND CARLIN ALCIDE**

10

## FORMALICIOUS PROSECUTION
## UNDER 42 U.S.C. § 1983

73.   Plaintiffs,  MARVIN ALCIDE and CARLIN ALCIDE, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

74.   Defendants fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the Kings County District Attorney's Office.

75.   As a result, Plaintiffs suffered deprivation of their liberty, as they were required to make numerous court appearances to contest the false accusations against them.

76.   As a result of the foregoing, Plaintiffs' liberty was restricted, they were put in fear for their safety, and they were detained and falsely arrested, and maliciously prosecuted without probable cause.

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

77.   Plaintiff, DASHEEN KEMP, MARVIN ALCIDE,CARLIN ALCIDE, RICOT ALCIDE, CARLA ROMERO, AND ERIC DANIELS repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

78.   Defendants arrested, searched, and incarcerated plaintiffs, DASHEEN KEMP, MARVIN ALCIDE,CARLIN ALCIDE, , RICOT ALCIDE, CARLA ROMERO, AND ERIC DANIELS in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiffs' liberty,

well-being, safety, and violate their constitutional rights.

79. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

80. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

81. Those customs, policies, patterns, and practices include, but are not limited to:

    i.    requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii.    requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii.    failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv.    failing to properly train police officers in the requirements of the United States Constitution.

82. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii.    arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

    iii.    falsifying evidence and testimony to support those arrests;

iv.      falsifying evidence and testimony to cover up police misconduct.

83.   The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs, DASHEEN KEMP, MARVIN ALCIDE,CARLIN ALCIDE, RICOT ALCIDE, CARLA ROMERO, AND ERIC DANIELS.

84.   The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiffs as alleged herein.

85.   The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiffs as alleged herein.

86.   As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiffs was placed under arrest unlawfully.

87.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs.

88.   Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs' constitutional rights.

89.   All of the foregoing acts by defendants deprived Plaintiffs of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**FIFTH CAUSE OF ACTION FOR**
**MALICIOUS PROSECUTION AND DENIAL OF FAIR TRIAL**
**ON BEHALF OF MARVIN ALCIDE AND CARLIN ALCIDE**
**PURSUANT TO NEW YORK STATE LAW**

90.   Plaintiffs, Marvin Alcide and Carlin Alcide, repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

91.   At all times hereinafter mentioned, Defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to Plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

92.   Plaintiffs, Marvin Alcide and Carlin Alcide, were subjected to malicious prosecution and denial of fair trail pursuant to New York State Law before their charges were dismissed.

93.   Due to the unlawful conduct of the Defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, maliciously prosecuted and subjected to denial of fair trial, Plaintiffs, Marvin Alcide and Carlin Alcide, without warrant, authority of law or probable cause therefore.

94.   That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, Plaintiff was caused to and did sustain humiliation and embarrassment, emotional

and mental distress, moral and mental degradation, indignity and disgrace, physical injury, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

95.     As a result of the foregoing, Plaintiffs, Marvin Alcide and Carlin Alcide,  were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

        **WHEREFORE**, the Plaintiffs respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       April 24, 2018

                          Respectfully submitted,

                **LAW OFFICES OF MICHAEL S.**
                **LAMONSOFF, PLLC**
                *Counsel for the Plaintiffs*


                        /s/
        By:     JESSICA MASSIMI (JM-2920)
                32 Old Slip, 8th Floor
                New York, New York 10005
                (212) 962-1020,